19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Otto NEAL, Defendant-Appellant.
 No. 93-5696.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 17, 1994.
Decided: March 10, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-93-68)
 Richard A. Elmore, Susan Hayes, Pfaff, Elmore & HAYES, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Wayne Otto Neal entered a guilty plea to one count of armed bank robbery, 18 U.S.C. Secs. 2113(d), 2 (1988). He appeals his sentence of 112 months on the grounds that the district court erred in making an adjustment for reckless endangerment during flight, United States Sentencing Commission, Guidelines Manual,Sec. 3C1.2, (Nov.1992), in giving an enhancement for a loss over $10,000, U.S.S.G. Sec. 2B3.1(b)(6), and in giving an enhancement for use of a firearm during the robbery, U.S.S.G. Sec. 2B3.1(b)(2). We affirm.
 
 
 2
 Wayne Neal agreed to drive the getaway car for his brother, Thomas Neal, and Robert Murphy, while they robbed a bank. He was to have been paid $500 for the service. A total of $16,927 was taken from the bank, of which all but $124 was recovered.
 
 
 3
 At the sentencing hearing, the district court heard testimony from a policeman who heard about the robbery on his patrol car radio, saw the getaway car driven by Wayne Neal (whom he recognized), and gave chase with his lights flashing and his siren on. The policemen testified that during the chase Neal drove through several stop signs and red lights, and failed to yield to oncoming traffic where required during the lunch hour in a business district. Although Neal was going only about forty-five miles per hour in a thirty-five mile per hour zone, the district court found that his conduct constituted reckless endangerment under U.S.S.G. Sec. 3C1.2.
 
 
 4
 "Reckless" is defined as the defendant's disregard of a risk created by his conduct, when the defendant was aware of the risk, and his disregard of the risk "constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. Sec. 2A1.4, comment. (n.1). We find that Neal's conduct comes within this definition, because he obviously disregarded the risk of a collision with another car or a pedestrian which could have caused injuries. The district court correctly made the adjustment.
 
 
 5
 Neal contended in the district court that no enhancement for loss was due under U.S.S.G. Sec. 2B3.1(b)(6) because most of the money was recovered by the bank. He renews this argument on appeal, but concedes that the guideline seems to require an enhancement. "Loss" for sentencing purposes is the value of the thing taken, even if it is recovered with undiminished value. U.S.S.G. Sec. 2B1.1, comment. (n.2). An enhancement for a loss of more than $10,000 was thus properly given.
 
 
 6
 Under U.S.S.G. Sec. 2B3.1(b)(2)(C), a five-level enhancement applies if a firearm was brandished, displayed, or possessed during the robbery. It also applies to a co-defendant who counseled or aided and abetted the possession of the firearm. U.S.S.G.Sec. 1B1.3(a)(1)(A). Neal maintained during sentencing that there was no evidence that he knew the gun was present. The government presented evidence from an agent of the Federal Bureau of Investigation that, just before the robbery, Wayne Neal and Murphy told Thomas Neal where a gun could be purchased. Wayne drove the three of them to a house where Murphy knew a gun was available. A .22 caliber revolver was bought there for use in the robbery. Thomas Neal had the gun in full sight in the back seat of the car on the way to the bank, and carried it during the robbery. Neal did not testify or present any evidence to contradict the agent's account. On this record, we find that the district court did not clearly err in finding that Neal knew the firearm was possessed during the robbery, and that he was properly held accountable for it.
 
 
 7
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.